IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PABLO RODRIGUEZ,<br><br>Defendant. | **4:14CR3068**<br><br><br>**MEMORANDUM AND ORDER** |

I deny the motion for compassionate release. Even if I assume that his medical condition—such as being overweight, diabetic (for which he has sometimes refused treatment), suffering from high blood pressure and high cholesterol—are extraordinary and compelling pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and I consider all the factors referenced in the policy Guideline U.S.S.G § 1B1.13, the defendant must serve his sentence until his release date of December 6, 2022.[1]

He sold drugs and used a gun.[2] That is serious business. He has a bunch of medical problems, but he can function. He has recently refused medical treatment for incipient tuberculosis.

---

[1] I accepted a Rule 11(c)(1)(C) plea agreement for a total of 10 years in prison.

[2] There was a loaded AR-15 in his car.

He is at Brooklyn MDC. My most recent check of the statistics at that facility show that no inmates have COVID and three staff members tested positive.

General deterrence must mean something. Just punishment must mean something. The seriousness of the offense must mean something. Promotion of respect for the law must mean something. These sentencing goals do not disappear because a person is older (45), sick and vulnerable to the pandemic. Weighing all the § 3553(a)(1)-(7) factors together, the defendant must remain in prison. *See*, *e.g.*, *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (affirming denial of compassionate release motion; stating: "In other words, the district court assumed that Rodd's health and family concerns constituted extraordinary and compelling reasons for compassionate release. Therefore, we need only determine 'whether the district court abused its discretion in determining that the § 3553(a) factors weigh against granting [Rodd's] immediate release.'") (citation omitted.) *See also United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020) (affirming denial of compassionate release motion and noting that: "An application note [to USSG § 1B1.13] acknowledges that the district court is 'in a unique position to determine whether the circumstances warrant a reduction,' after considering the factors set forth in 18 U.S.C. § 3553(a) and the circumstances listed in the policy statement. Id., comment. (n.4).").

IT IS ORDERED that the motion for compassionate release (filing 51) is denied.[3]

Dated this 7th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[3] I have taken judicial notice of the entire court file.